[623 NYS2d 924]

In the Matter of JOHN P. CHARLES (Admitted as JOHN PATRICK CHARLES), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 20, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy Bolger* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with eight allegations of professional misconduct. The Special Referee sustained all eight charges. The petitioner now moves to confirm the findings of the Special Referee.

Charges One and Two involve the respondent's failure to cooperate with the Grievance Committee.

Charge Three alleges that the respondent failed to refund a retainer in a timely manner. In or about December 1991, the respondent was retained in a matrimonial matter and was given a $1,500 retainer. In or about December 1992, the respondent's services were terminated and he agreed to refund the retainer. The respondent issued a check for $1,500 to his client, drawn on his North Fork Bank attorney operating account entitled "John P. Charles, Attorney-at-Law, Attorney Office Account, Operating Account". A covering letter dated December 11, 1992, from the respondent to his client, indicated that the check was a refund of her retainer. The check was returned due to insufficient funds. The respondent finally repaid the retainer on or about February 3, 1993. In failing to timely refund a retainer, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (now [8]) (22 NYCRR 1200.3).

Charge Four alleges that in issuing the aforementioned check when his operating account lacked sufficient funds to cover the payment, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) (22 NYCRR 1200.3).

Charge Five alleges that the respondent failed to fulfill his duties as a court-appointed temporary receiver. The respondent was appointed receiver of rents, issues, and profits of mortgages on premises located in Elmont, New York, on or about February 18, 1992. The respondent failed to make the appropriate disbursements from the rental income, failed to provide an accounting and failed to respond to inquiries from the attorney for the landlord. In failing to fulfill his obligation as a temporary receiver, the respondent violated DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3) and DR 6-101 (A) (3) (22

NYCRR 1200.30) (an attorney shall not neglect a legal matter).

Charge Six alleges that the respondent failed to discharge a trust committed to him as a court-appointed temporary receiver. By order of the Honorable Edward T. O'Brien dated March 26, 1992, the respondent was substituted as temporary receiver in the matter referred to in Charge Five. The respondent failed to discharge the trust committed to him despite an Oath of Receiver dated March 27, 1992, acknowledging the March 26, 1992 order. In failing to discharge the trust, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3).

Charge Seven alleges that the respondent failed to provide an accounting of funds entrusted to him as a court-appointed temporary receiver, despite a court order. By court order dated January 15, 1993, the respondent was directed to file his accounting as temporary receiver within 20 days after service of the order. The respondent was served by mail with the January 15, 1993 order directing that he account for the funds entrusted to him. By failing to comply with the court order, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3).

Charge Eight alleges that the respondent failed to communicate with a client concerning the status of a legal matter entrusted to him. In or about October 1992, the respondent was retained in a bankruptcy matter. The respondent failed to respond to telephone calls and to letters dated January 16, 1993 and May 29, 1993 from his client concerning this legal matter. By failing to communicate with his client, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3) and DR 6-101 (A) (3) (22 NYCRR 1200.30).

Upon a review of the evidence adduced, we find that all eight charges were properly sustained. The petitioner's motion to confirm the report of the Special Referee is therefore granted.

In determining an appropriate measure of discipline to impose, we have considered the extensive mitigation advanced by the respondent, including the personal problems engendered by the adoption of his daughter, the substantial medical bills with which he was beset, his serious financial difficulties, and the fear he experienced in attempting to secure the co-endorsement of the social service recipients who resided in the

premises of which he was the appointed receiver. These premises were allegedly used for crack sales and were subject to police raids. In consequence thereof it is the decision of this Court that the respondent be censured for his professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John P. Charles, is censured for his professional misconduct; and it is further,

Ordered that the respondent is immediately reinstated to the practice of law.